Vik Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STEVE MARMO,

                        Plaintiff,

     -against-

P.O. GREGORY PAYEA, P.O. BROMM,
P.O. WU, JOHN AND JANE DOE, 1-10, ET AL.,

                        Defendants.
------------------------------------------------------------------x

**COMPLAINT**

Jury Trial

Plaintiff STEVE MARMO (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Queens, State of New York.

8. Defendants Payea, Wu and John and Jane Does are officers with the NYPD and are/were assigned to the 111th precinct at the time when plaintiff's claims arose. They are sued in their individual, supervisory and official capacities.

## FACTS

7. On April 14, 2013, plaintiff arrived at his girlfriend's home on Bell Boulevard in Queens, NY, to pick up his clothes.

8. When he arrived there, although plaintiff's girlfriend was not present, the girlfriend's mother was at the home.

9. Plaintiff and his girlfriend's mother got into a verbal argument, subsequent to which, the girlfriend's mother called the police and stated that plaintiff had broken her telephone.

10. After police arrived, defendant Wu informed plaintiff that he would possibly be arrested for criminal mischief for breaking the phone.

11. Plaintiff stated to defendant Wu that he understood that he was under arrest and would have to leave with the police, but requested the officer allow him to go upstairs and get his clothes from his girlfriend's apartment.

12. Defendant Wu agreed to allow plaintiff to get extra clothes and get dressed and then handcuffed him.

13. Plaintiff was about to get into the backseat of defendant Wu's car, when defendant Payea arrived and without any provocation, grabbed plaintiff by his ankles and dragged him out of the squad car.

14. Payea then grabbed plaintiff by his shoulders and slammed him to the ground on the cement sidewalk.

15. Payea then got on top of plaintiff and started to repeatedly punch him in the head.

16. Defendants Wu, Bromm and other John Does simply stood there and failed to intervene on behalf of plaintiff.

17. Payea then placed the entire weight of his body on plaintiff, twisted plaintiff's head around and continued punching him.

18. Civilians had gathered and witnessed this and asked the officers to stop the beating of plaintiff and when the defendants did not intervene in Payea's beating of plaintiff, the bystanders shouted "police brutality." Despite the bystanders comments and requests, Payea continued his assault, tightened plaintiff's handcuffs to impede blood flow and the other defendants failed to intervene.

19. Subsequently, EMT was called and upon arrival at the scene, treated the severe injuries plaintiff suffered at the hands of defendant Payea.

20. After EMT personnel had secured plaintiff on a stretcher and placed him on it for preparation of transportation to a hospital for treatment, Payea grabbed plaintiff and pulled him up and then slammed him down onto the road pavement. All the while other defendants remained in the area and despite having numerous opportunities to do so, failed to intervene.

21. Plaintiff was then transported to a medical facility for treatment.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive use of force-Fourth Amendment against Payea)

22. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

23. Payea assaulted plaintiff for no reason.

24. Payea continued to assault plaintiff even though plaintiff was handcuffed, was not resisting and did not pose a danger to himself or others.

25. Payea's actions resulted in serious and permanent physical and emotion injuries to plaintiff. There was no probable cause for the arrest or the continued incarceration

26. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force and assault were violated and he sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process against All defendants)

27. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

28. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

29. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene against Wu and Bromm)

30. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

31. Defendants Wu and Bromm and John/Jane Does witnessed Payea assault plaintiff.

32. Despite witnessing the alleged assault on plaintiff, defendants failed to intervene.

33. Defendants had ample opportunity to stop the further assault by Payea on plaintiff but yet simply stood there and allowed plaintiff to be further assaulted.

34. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability against John/Jane Does)

35. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

36. Defendants in their supervisory capacities failed to supervise their subordinate officers in that they failed to ensure that Plaintiff's rights were protected and in turn ignored the conduct of their subordinates and in fact tacitly affirmed their unlawful behavior.

37. As a result of defendants' conduct, Plaintiff suffered injuries.

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount exceeding the jurisdictional limits of all lower courts

b. Award the costs of this action to the Plaintiff.

c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.

d. Award punitive damages in an amount exceeding the jurisdictional limits of all lower courts.

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
November 19, 2014

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
*Attorneys for Plaintiff*